IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:22-cv-432

| ROSA ANDERSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| IN DEMAND SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff Rosa Anderson ("Ms. Anderson"), complaining of Defendant In Demand Services, LLC ("Defendant"), alleges and says the following:

## INTRODUCTION

1. Defendant discriminated against Ms. Anderson by paying her the same wage as her white subordinates.

2. Ms. Anderson complained about this unfair treatment to Defendant.

3. Instead of remedying their discriminatory practices, Defendant retaliated against Ms. Anderson by firing her, specifically citing to Ms. Anderson's complaint as the company's rationale for its decision.

## JURISDICTION

4. Ms. Anderson's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII").

5. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343.

6. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

1

7. Costs and attorney's fees may be awarded pursuant to Title VII, 42 U.S.C. § 2000e-5(k); and Fed. R. Civ. P. 54.

**PARTIES**

8. Ms. Anderson is an African American citizen of the United States and a resident of Raleigh, North Carolina.

9. Upon information and belief, Defendant In Demand Services, LLC is a limited liability company duly organized and existing under the laws of the State of North Carolina with its principal office and place of business in Raleigh, North Carolina.

10. At all times relevant to this Complaint, Ms. Anderson was an "employee" as that term is defined by Title VII.

11. At all times relevant to this Complaint, Defendant was an "employer" as the term is defined in Title VII.

**ADMINISTRATIVE HISTORY**

12. On or about March 18, 2022, Ms. Anderson filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the March 18, 2022 Charge of Discrimination is attached hereto as Exhibit A.

13. The EEOC issued a "Dismissal and Notice of Rights" on October 27, 2022. Ms. Anderson received the October 27th Dismissal and Notice of Rights letter on the same day. A copy of the Dismissal and Notice of Rights letter is attached hereto as Exhibit B.

14. This Complaint is being timely filed within 90 days from the date Ms. Anderson received the Dismissal and Notice of Rights from the EEOC.

15. Ms. Anderson has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

# FACTS

16. Defendant hired Ms. Anderson to be a Scheduling Supervisor on or about December 13, 2021.

17. At some time in January 2022, Ms. Anderson asked Defendant for a review of her salary, as she had learned that she was being paid the same as her white subordinates.

18. Byron Graham, Director of Recruiting Operations for Defendant, rejected Ms. Anderson's request on March 8, 2022.

19. Immediately upon learning of Defendant's decision to maintain its discriminatory policies, Ms. Anderson responded to Defendant in an e-mail saying that she felt she was a victim of "unfairness and unaddressed favoritism" and that she was "facing retaliation and may have to seek new employment."

20. On March 10, 2022, Defendant told Ms. Anderson that it would be issuing a written discipline against Ms. Anderson for "errors, lack of management skills, and not meeting expectations."

21. The anticipated written discipline was not based on any aspect of Ms. Anderson's work performance, but rather in retaliation for her complaints about racial discrimination in the workplace.

22. Immediately upon learning of Defendant's written discipline against her, Ms. Anderson filed an "Employee Concern Form" with Defendant's Human Resources Department.

23. In her Employee Concern Form, Ms. Anderson specifically cited that she was concerned about "Discrimination" and "Retaliation" by Byron Graham her supervisor.

24. On March 14, 2022, Ms. Anderson was summoned to a meeting with two representatives of Defendant's leadership team – Melissa Davis and Byron Graham.

25. Defendant fired Ms. Anderson during that March 14, 2022 meeting.

26. The individuals who made the decision to fire Ms. Anderson were aware of her complaints about race discrimination at the time they decided to fire her.

27. In fact, when asked what the company's basis for its decision was, Davis stated that Defendant did not have any evidence for its decision, but then immediately cited to Ms. Anderson's HR complaint.

28. Following Defendant's firing of Ms. Anderson, the company posted a position with the same job responsibilities as Ms. Anderson's position on Indeed.com at a higher salary than it paid Ms. Anderson.

## **COUNT I – DISCRIMINATION IN VIOLATION OF TITLE VII**

29. Ms. Anderson hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Ms. Anderson, an African American woman, is a member of a protected class.

31. Ms. Anderson was paid either the same or less than her subordinate white employees at Defendant.

32. Similarly situated white employees were treated more favorably in the terms, privileges, and conditions of their employment with Defendant.

33. Defendant's different treatment of Ms. Anderson was done because of Ms. Anderson's race.

34. As a direct and proximate result of Defendant's discriminatory conduct, Ms. Anderson suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

35. Defendant's actions were intentional, willful, and done in reckless disregard of Ms. Anderson's rights as protected by Title VII.

36. Accordingly, Ms. Anderson is entitled to recover punitive damages from Defendant.

37. Ms. Anderson is entitled to recover her reasonable attorney's fees and costs.

4

Case 5:22-cv-00432-D-RJ   Document 1   Filed 10/27/22   Page 4 of 6

## COUNT II – RETALIATION

38. Ms. Anderson hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

39. Title VII prohibits retaliation against employees who oppose discrimination prohibited by the statute.

40. Ms. Anderson engaged in protected activity within the meaning of Title VII by reporting Defendant's racist and discriminatory employment practices.

41. At the time of her reports, Ms. Anderson was meeting all her job expectations.

42. Ms. Anderson was punished and terminated from her position with Defendant in retaliation for her protected activity.

43. The individual responsible for Defendant's retaliatory action knew of Ms. Anderson's protected activity at the time of the retaliation.

44. As a direct and proximate result of Defendant's retaliation, Ms. Anderson suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

45. Defendant's actions were intentional, willful, and done in reckless disregard of Ms. Anderson's rights as protected by Title VII.

46. Accordingly, Ms. Anderson is entitled to recover punitive damages from Defendant.

47. Ms. Anderson is entitled to recover her reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests the following relief:

1. Plaintiff has and recovers from Defendant for all economic damages in an amount to be proved at trial;

2. Plaintiff has and recovers from Defendant for all non-economic damages in an amount to be proved at trial;

3. Plaintiff has and recovers from Defendant for punitive damages in an amount to be determined by the jury;

4. All costs, interest, and expenses, including reasonable attorney's fees, be taxed to the Defendant;

5. All issues of fact herein be tried by a jury;

6. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and

7. All other relief which this Honorable Court deems just and proper.

This the 27th day of October, 2022.

OSBORN GAMBALE BECKLEY & BUDD PLLC

BY: _____
JOSEPH D. BUDD
N.C. Bar No. 44263
721 W. Morgan St.
Raleigh, North Carolina 27603
joe@counselcarolina.com
919.373.6422
Facsimile: 919.578.3733